**CORRECTED**
# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
**No. 20-1545V**
(not to be published)

| | |
|---|---|
| GEORGE JAPARIDZE,<br><br>           Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>           Respondent. | Chief Special Master Corcoran<br><br>Filed: May 17, 2023<br><br>Special Processing Unit (SPU);<br>Attorney's Fees and Costs |

*Ronald Craig Homer*, Conway, Homer, P.C., Boston, MA, for Petitioner.

*Amanda Pasciuto*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On November 6, 2020, George Japaridze filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner received an influenza vaccine, which vaccine is contained in the Vaccine Injury Table, 42 C.F.R. § 100.3(a), on August 3, 2018. On December 8, 2022, I issued a decision awarding compensation to Petitioner, based on the parties' stipulation. ECF No. 53.

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $80,458.01 (representing $71,396.00 for attorney's fees and $9,062.01 for attorney's costs). Petitioner's Application for Attorneys' Fees and Costs ("Motion"), filed Apr. 19,

---

[1] In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

2023, ECF No. 58. In accordance with General Order No. 9, Petitioner filed a signed statement indicating that he incurred no out-of-pocket expenses. ECF No. 59.

Respondent reacted to the motion on May 1, 2023, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, 3 n.2, ECF No. 60. Petitioner did not file a reply thereafter.

The rates requested for work performed through the end of 2022 are reasonable and consistent with our prior determinations, and will therefore be adopted. Petitioner has also requested 2023 attorney hourly rates as follows: $500 for work performed by Ronald Homer - representing a rate increase of $25 and $455 for work performed by Joseph Pepper – representing an increase of $40. Motion at 41-42, 44, 83-87. And Petitioner requests an hourly rate of $185 for paralegal work performed in 2023. *Id.* at 41-42, 44, 87. I find these hourly rates to be reasonable, and will award the attorney's fees requested. (And all time billed to the matter was also reasonably incurred).

Furthermore, Petitioner has provided supporting documentation for all claimed costs, except for $36.38 paid for postage and $0.10 for 1 page of in-house copying costs. Motion at 42-43, 46-81. I will nevertheless allow reimbursement of these unsubstantiated costs. Additionally, the overall amount sought for the production of a life care plan is reasonable and based upon an appropriate hourly rate and hours billed. And Respondent offered no specific objection to the rates or amounts sought.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). I award a total of **$80,458.01 (representing $71,396.00 in fees and $9,062.01 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Ronald Craig Homer.**

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[3]

**IT IS SO ORDERED.**

            **s/Brian H. Corcoran**
            Brian H. Corcoran
            Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.